IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






No. AP-75,611






EX PARTE BRIAN KEITH KINNETT, Applicant






On Application for a Writ of Habeas Corpus

from Wichita County





 Womack, J., filed a concurring opinion.



 In Seals v. State, 187 S.W.3d 417, 422 (Tex. Cr. App. 2005), I wrote that the statutory
definition of "adulterants or dilutants" may be so inclusive as to invite constitutional problems:

 For example, it is no rarity for suspects to attempt to flush controlled substances down the
toilet. For that reason, officers who are executing a search warrant frequently assign one person
to secure the bathroom immediately. I would hate to see this Court forced to hold the statute
unconstitutional when a prosecutor tried to include all the water in the toilet bowl as part of the
controlled substance.


 This is not such a case. Although it involves the water in the toilet bowl, the State proved
that the purpose of putting the controlled substance in the toilet might well have been to preserve
it for further use rather than simply to destroy it, as Judge Holcomb's opinion (post) explains.

 I also agree with the opinion of the Court that the statute is not unconstitutional on its
face. The question of its constitutionality as applied may come before us yet, as I said in Seals.


Filed: February 13, 2008.

Do Not Publish.